### H. G. VOGEL CO. v. CAULDWELL-WINGATE CO.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

CONTRACTS (§ 29*)—ACTIONS FOR BREACH—SUFFICIENCY OF EVIDENCE.
 Where plaintiff's evidence indicated that its proposition to install a fire extinguishing apparatus in a building was accepted by defendant both orally and in writing, it was at least a question for the jury whether the proposals and acceptance constituted a contract or merely protocols from which a formal contract would be formulated, notwithstanding a statement in plaintiff's offer that if the propositions were acceptable their regular agreement would be formulated and submitted for execution, and hence a dismissal of the complaint was improper.
 [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 141–143; Dec. Dig. § 29.*]

Appeal from City Court of New York, Trial Term.

Action by the H. G. Vogel Company against the Cauldwell-Wingate Company. From a judgment dismissing the complaint at the close of plaintiff's case, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

David Bernstein, of New York City (M. Spencer Bevins, of New York City, of counsel), for appellant.

Harris & Towne, of New York City (Fancher Nicoll, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff, in response to the invitation of defendant, offered to install its fire extinguishing apparatus in defendant's projected building. Plaintiff's written offer contained the following sentence:

"Should this proposition be acceptable to you, we shall be glad indeed to formulate our regular agreement and submit same for your execution."

The testimony offered on behalf of plaintiff indicated that its proposition, together with some subsequent modifications, had been definitely accepted by the defendant, both orally and in writing.

The question tested on this appeal is whether the proposals and acceptance constituted mere protocols from which ultimately a "regular agreement should be formulated," or whether the minds of the parties had met completely and a definite agreement had been arrived at, leaving it possible to be transcribed into a single document later.

It is not necessary to express an opinion on the merits of this controversy, since for the purposes of this appeal it is sufficient to hold that the evidence as it stood at the close of plaintiff's case plainly presented at least an issue for the jury to determine. See Sherry v. Proal, 125 App. Div. 508, 109 N. Y. Supp. 1008; same case on appeal from the second trial, 131 App. Div. 774, 116 N. Y. Supp. 234; Gourd v. Healy, 206 N. Y. 423, 99 N. E. 1099.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.